

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/19/2010

| | | |
|---|---|---|
| IN RE: | § | |
| REBECCA J. BURNS, *et al* | § | CASE NO: 08-34079 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| TODD D. BURNS, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-3449 |
| | § | |
| LTD ACQUISITIONS, LLC, *et al* | § | |
| Defendant(s) | § | |

### MEMORANDUM OPINION
### GRANTING IN PART, DENYING IN PART
### LTD'S MOTION TO DISMISS
### (DOC #14)

Todd D. Burns ("Mr. Burns") and Rebecca Burns ("Mrs. Burns," collectively "Plaintiffs" or "Debtors") allege in the complaint commencing this adversary proceeding that LTD Acquisitions LLC ("LTD" or "Defendant LTD") filed a lawsuit against Mrs. Burns to collect a debt that had been discharged in Debtors' bankruptcy case. Plaintiffs seek damages for violation of the bankruptcy discharge injunction, for violation of the Texas Finance Code ("Texas Claim"), and for violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendant LTD filed a motion to dismiss Mr. Burns' claim, alleging that the lawsuit was against Mrs. Burns, not Mr. Burns, and therefore Mr. Burns fails to state a claim for violation of any of those statutes. The motion also seeks dismissal of the Texas Claims and the FDCPA claims because (LTD asserts) (i) the bankruptcy court does not have subject matter jurisdiction over those claims, and (ii) Plaintiffs fail to state a claim on which relief can be granted because sanctions for contempt is the exclusive remedy for violation of the discharge injunction.

### I.    ALLEGATIONS IN THE COMPLAINT

The following allegations of fact in the complaint are taken as true for purposes of this memorandum.

Plaintiffs were married to each other at all times relevant to their claims asserted in this adversary proceeding. In 2008 they filed a voluntary joint bankruptcy petition commencing case number 08-34079 under chapter 7 of the Bankruptcy Code.

Prior to the petition date, Plaintiffs had obtained a Circuit City credit card issued by Defendant Chase Bank USA, N.A ("Chase"). Unknown to Debtors, Chase sold the credit card debt to LTD at about the same time that Plaintiffs filed their bankruptcy petition. Because they

did not know about the sale of the credit card debt, Debtors listed Chase as the creditor in their bankruptcy schedules and Chase was timely notified of the bankruptcy filing and of the entry of Debtors' discharge. In addition, the credit reporting agencies allegedly were aware of the filing of the bankruptcy petition and the issuance of Debtors' bankruptcy discharge. LTD, or an affiliate, maintained a "tradeline" that indicates awareness of the chapter 7 bankruptcy proceeding.

Although it allegedly knew, or should have known, that Debtors had been discharged of the debt, Defendant LTD hired Michael J. Scott, PC, an attorney, ("Scott" or "Defendant Scott") to collect the debt. Scott filed suit against Mrs. Burns in Texas state court to collect the debt even though he allegedly knew, or should have known, that the debt was discharged.

Debtors hired counsel, who demanded dismissal of the lawsuit. Scott promptly dismissed the suit (18 days after written demand). Plaintiffs' claims for damages include: (i) attorneys' fees, (ii) loss of time attending to this matter, (iii) mental anguish and (iv) punitive damages.

## II.     ALLEGATIONS IN THE MOTION TO DISMISS

In its motion to dismiss (docket # 14) LTD asserts (i) that the bankruptcy court does not have subject matter jurisdiction over the Texas Finance Code claims or the Fair Debt Collection Practices Act, (ii) that Mr. Burns fails to state a claim on which relief can be granted because the lawsuit was filed against Mrs. Burns, not Mr. Burns, and (iii) that Mrs. Burns fails to state a claim on which relief can be granted under the Texas Finance Code and FDCPA because contempt sanctions is the exclusive remedy for violation of the discharge injunction.

A.     Mr. Burns' Claims

The facts (that are assumed to be true for purposes of this decision) establish that after issuance of a bankruptcy discharge, Defendant LTD filed suit against Mrs. Burns, but not Mr. Burns. The suit was dismissed 18 days after demand by Mrs. Burns.

Bankruptcy Code § 524 enjoins " … the commencement or continuation of any action, the employment of process, or an act to collect, recover or offset any [discharged] debt as a personal liability of the debtor …" It also enjoins " … the commencement or continuation of any action, the employment of process, or an act to collect, recover from, or offset against, property of the debtor …"

LTD did neither with respect to Mr. Burns. It did not try to collect, recover, or offset any discharged debt as a personal liability of Mr. Burns. It did not attempt to collect, recover from, or offset the debt against Mr. Burns' property.

Mr. Burns argues that <u>if</u> LTD had continued the lawsuit and obtained a judgment, it probably would have tried to collect against community property, which would (at least partially) be Mr. Burns' property. But the statute does not enjoin what might be. It enjoins certain conduct. LTD did not engage in the proscribed conduct.

Mr. Burns has not argued that the Texas Finance Code or the FDCPA has a provision imposing liability for LTD's filing a suit against his wife.

**Therefore, Mr. Burns fails to state a claim on which relief can be granted. LTD's motion is granted with respect to Mr. Burns. His claims are dismissed.**

B.     Jurisdiction Over the Subject Matter of Mrs. Burns' Claims

    1.     Mrs. Burns' Claim for Violation of the Discharge Injunction

At least for purposes of LTD's motion to dismiss and this memorandum, there seems to be no dispute that filing a lawsuit in state court to collect the Circuit City/Chase credit card debt would be a violation of the injunction effected by Bankruptcy Code § 524. That proceeding is, therefore, a matter "arising under" title 11. 28 USC § 1334(b) vests original jurisdiction of such matters in the district court and 28 USC § 157(b)(1) allows the district court to refer matters within its bankruptcy jurisdiction to the bankruptcy judges of the district. The United States District Court for the Southern District of Texas has exercised that authority by General Order 2005-6, March 10, 2005.

The bankruptcy judges may "hear" and may "determine" a matter referred to them if the referred matter is a core proceeding, but may only hear a matter and issue a report and recommendation to the district court if the matter is not a core proceeding. 28 USC § 157(b)(1) and (c)(1). "Core" matters "include," but "are not limited to" matters enumerated in 28 USC § 157(b)(2).

"Core" matters include determinations as to the dischargeability of particular debts (subsection (b)(2)(I)), objections to discharge (subsection (b)(2)(J), and "other proceedings … affecting … the adjustment of the debtor-creditor … relationship" (subsection (b)(2)(O)). Because the statute explicitly classifies several matters relating to the bankruptcy discharge as "core" matters, and because the list is illustrative, not exclusive, the Court concludes that a claim for sanctions for violation of the discharge injunction is a core matter. A claim for damages for violation of the discharge injunction is a matter arising under title 11, *see* Bankruptcy Code §§ 105(a), 525, 524. *See also Matter of Bradley,* 989 F.2d 802, 804 (5th Cir. 1993).
.
**In summary, the Court concludes that the United States District Court for the Southern District of Texas has subject matter jurisdiction over Mrs. Burns' claim alleging a violation of the discharge injunction, that such proceedings have been referred to the bankruptcy judges of this district, and that a proceeding alleging a violation of the discharge injunction is a core matter that the bankruptcy judge may both hear and determine.**

    2.     Non-bankruptcy Federal Subject Matter Jurisdiction over Mrs. Burns' FDCPA and Texas Finance Code

LTD seeks dismissal of claims for want of bankruptcy jurisdiction. That argument misses the mark because the bankruptcy court is a "unit" of the district court. Even if the bankruptcy "unit" were unable to exercise authority over all claims asserted in the adversary

proceeding, the parent entity (the district court) might be able to exercise complete jurisdiction. If so, the remedy might be withdrawal of the reference rather than dismissal for lack of jurisdiction.

The district court's bankruptcy subject matter jurisdiction is defined by 28 USC § 1334(b), but the district court may have other bases for exercising jurisdiction over Mrs. Burns' DCPA and Texas Claims: federal question jurisdiction (28 USC § 1331), diversity jurisdiction (28 USC § 1332) or supplementary jurisdiction (Judicial Improvements Act of 1990, 104 Stat. 5089, 5113).

**Therefore, dismissal of the claims for want of subject matter jurisdiction is denied**. And, contrary to LTD's argument, for reasons set forth below, the Court believes that there is bankruptcy jurisdiction.  Therefore, the Court believes that withdrawal of the reference is not necessary.

> 3. Bankruptcy Subject Matter Jurisdiction Over Mrs. Burns' FDCPA and Texas Claims

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", "arising in a case under", or "related to a case under", title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.,1987).

If the issues are "related to cases under title 11," then the district court has bankruptcy jurisdiction, 28 USC § 1334(b).

LTD argues that the Texas Claims and the FDCPA claims cannot be "related to" a case under the Bankruptcy Code because they do not affect the assets of the estate or the distribution to creditors.  That analysis is not correct.  The language on which LTD relies is most often found in cases involving disputes between parties when neither is a bankruptcy debtor (*e.g. Matter of Walker,* 51 F.3d 562 (5th Cir. 1995)) and disputes over jurisdiction over property that is not property of the estate.  The Court of Appeals for the Fifth Circuit views matters connected to the bankruptcy discharge as "related to" a bankruptcy case.  The Circuit implies that the limit of "related to" jurisdiction is a claim that has "no effect on the debtor".

> [a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) ...' " … Conversely, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." (*In re Majestic Energy Corp.,* 835 F.2d at 90 (5th Cir. 19__), internal citations omitted.) [1]

---

[1] *See also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC* --- F.3d ----, 2010 WL 60897 C.A.5 (Tex.),2010.

> As the Supreme Court recently announced, § 1334(b) gives bankruptcy courts jurisdiction over "more than the simply proceedings involving the property of the estate …"

*Matter of Walker* 51 F.3d 562, 568 (5th Cir. 1995).

Matters related to the discharge are clearly matters "related to" a bankruptcy case. *In re Morrison* 555 F.3d 473, 478 (5th Cir. 2009). *See also* 28 USC § 157(b)(2) which lists discharge issues as "core" matters. Although recovery of damages for violation of a discharge injunction is not explicitly listed as a core matter, the statutory list is illustrative, not exclusive.[2]

The fact that the legal basis for a claim arises under state, not federal, law does not exclude the claim from bankruptcy jurisdiction, *Matter of Morrison*, 555 F.3d 473 (5th Cir. 2009.) The fact that the legal basis for a claim arises under state, not federal, law does not exclude the claim from classification as a core proceeding, 28 USC § 157(b)(3).

Recovery of damages for violation of the discharge injunction, under whatever legal theory, clearly involves the debtor's rights, options, and freedom of action. Therefore, the Court concludes that an adversary proceeding seeking damages for alleged violation of the discharge injunction is related to the bankruptcy case in which the adversary proceeding is filed and is within the bankruptcy jurisdiction of the district court.

28 USC § 157(b)(2)(I), (J), and (O) indicate that Congress intended matters related to the bankruptcy discharge to be within the core jurisdiction of bankruptcy judges. The list in § 157(b) is not exclusive, § 157(b)(2). A claim for damages under state law for fraud is a core matter when combined with an objection to dischargeability of the debt based on the same facts, *Matter of Morrison,* 555 F.3d 473 (5th Cir. 2009). A bankruptcy court has authority to award damages for violation of the § 362 statutory injunction, even if it does not have jurisdiction over a claim for contribution by the defendant, *Matter of Walker, supra.* Therefore, the Court concludes that a claim for damages for violation of the § 524 injunction is a core matter and claims for damages under state and federal law is also a core matter when they are based on the same facts as the claim for violation of the § 524 injunction. *See also Matter of Bradley,* 989 F.2d 802, 804 (5th Cir. 1993).

Even if the Court were incorrect in this determination that the non-title 11 claims are core matters, the Court could nevertheless hear and determine the matter if the parties consent, 28 USC § 157(c)(2). In the absence of consent, the bankruptcy judge may still hear the matter, but is limited to issuing a report and recommendation, not a determination of the matter, 28 USC § 157(c)(1). The parties can move for withdrawal of the reference if they do not consent to the bankruptcy judge determining the matter or if they simply want the district court to hear and to determine the matter.

---

[2] "Core matters include, but are not limited to …", 28 USC § 157(b)(2).

C.  Whether Damages for Contempt of the Discharge Injunction Is the Exclusive Remedy For Violation of the Discharge Injunction

The parties agree: (i) that the 9th Circuit believes that damages for violation of the discharge injunction is Plaintiff's exclusive remedy, (ii) that the 7th Circuit holds to the contrary, and (iii) that the 5th Circuit has not yet ruled.  Having read both published decisions, the Court finds the 7th Circuit opinion to be more persuasive.  **Therefore, the motion to dismiss the Texas claim and the FDCPA claims for failure to state a claim on which relief can be granted is denied**.

SIGNED 02/18/2010.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge